IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

DONALD WILSON,

    Plaintiff,

v.                                        CASE NO. 4:12-cv-582-RH-GRJ

MARY HENSON, et al.,

    Defendants.

_____/

## ORDER AND REPORT AND RECOMMENDATION

Plaintiff, a federal prisoner in the custody of the Bureau of Prisons, initiated this case by filing a *pro se* complaint filed pursuant to pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and is proceeding pursuant to an amended complaint, Doc. 8. Plaintiff also seeks leave to proceed as a pauper. Doc. 2. This case is also before the Court for screening pursuant to 28 U.S.C § 1915, which provides that the Court may dismiss a case at any time if the Court determines that the allegation of poverty is untrue, or the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2). For the reasons discussed below, it is **RECOMMENDED** that the case be **DISMISSED** for failure to state a claim upon which relief may be granted.

### Plaintiff's Motion to Proceed *In Forma Pauperis*

Plaintiff's motion to proceed as a pauper (Doc. 2) is **GRANTED** to the extent that the case may proceed without the prepayment of the entire filing fee. Plaintiff shall pay **$16.36** as an initial partial filing fee as provided in 28 U.S.C. § 1915(b)(1)(A); however, Plaintiff is assessed the total $350.00 filing fee. The agency having custody of Plaintiff

shall forward, **WITHIN THIRTY (30) DAYS** from the date of this Order, the initial partial filing fee of **$16.36** to the Clerk of Court. A check from a penal institution, a cashier's check, or a money order should be made payable to "Clerk, U.S. District Court." The following information shall either be included on the face of the payment or attached thereto: (1) the full name of the prisoner; (2) the prisoner's inmate number (08822-018) and, (3) Northern District Florida Case Number 4:12-cv-582-RH-GRJ. Checks or money orders which do not have this information will be returned.

Plaintiff is required to make monthly payments of twenty percent of the preceding month's income (that is, all funds deposited into the account) credited to the account. Upon receipt of this Order, the agency having custody of Plaintiff shall forward payments from Plaintiff's account on a monthly basis to the Clerk of Court each time the amount in the account exceeds $10.00. These payments shall continue until the filing fee of $350.00 is paid in full. Accordingly, the **Clerk** shall mail a copy of this Order to: Inmate Accounts, CCM Atlanta, Community Corrections Office, 719 McDonough Blvd. S.E., Atlanta, GA 30315.

Plaintiff is warned that he is ultimately responsible for payment of the filing fee if the agency with custody over him/her lapses in its duty to make payments on his/her behalf. For this reason, if Plaintiff is transferred to another jail or institution, Plaintiff should ensure that the new institution is informed about this lawsuit and the required monthly payments as set out herein. Plaintiff is advised to retain a copy of this Order for this purpose.

### Plaintiff's Allegations

Plaintiff seeks compensatory and punitive damages for a violation of his due

process rights in connection with a prison disciplinary proceeding. The disciplinary and administrative remedy documents appended to the Amended Complaint reflect that Plaintiff was charged with a disciplinary violation because Plaintiff failed to obtain authorization from the Warden before entering into a marriage or attempting to enter into a marriage. The exhibits to the Amended Complaint reflect that Plaintiff received a hearing before a UDC Committee, and made a statement that he had not been told that his marriage had not been approved before he engaged in a proxy marriage. The disciplinary committee found that Plaintiff committed the prohibited act, and he was sanctioned with the loss of 60 days of Trulincs privileges, 30 days of phone privileges, and 30 days of commissary privileges. Doc. 8.

## Scope of Due Process Protections

In *Sandin v. Connor*, 515 U.S. 472, 484 (1995), the Supreme Court recognized only two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." When a constitutionally protected liberty interest is implicated, the inmate is entitled to: (1) written notice of the charges brought against him at least twenty-four hours before the hearing; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement of the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. *Wolff v. McDonnell*, 418 U.S. 539 564-66 (1974). The factfinder's decision need

only be supported by "some evidence." *Superintendent, Mass. Correctional Inst. v. Hill*, 474 U.S. 445, 455-56 (1985).

The loss-of-privileges sanctions imposed upon Plaintiff in this case did not trigger due process protections under *Sandin*. Moreover, even if the sanctions did trigger such protections, Plaintiff has not alleged that he was denied the due process protections afforded under *Wolff*. The allegations of the Amended Complaint and the attached exhibits support a conclusion that the *Wolff* requirements were satisfied. *See* Doc. 8. Plaintiff alleges that the disciplinary charge was "false," but an assertion that a disciplinary report was false or retaliatory does not state a cognizable claim for relief if the inmate was found guilty of the violation after being afforded the due process protections of *Wolff*. *See O'Bryant v. Finch*, 637 F.3d 1207 (11th Cir. 2011).

Accordingly, upon due consideration, it is:

1. **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, Doc. 2, is **GRANTED.**

2. Respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

**IN CHAMBERS** this 9th day of January 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

**NOTICE TO THE PARTIES**

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.